On Motion to Dismiss.
Mabr, J.
Antoine Lanata prayed for an appeal from the judgment of the District Court of Plaquemine parish, against him, in favor of defendant. The court granted the appeal with the condition that appel *230 lant should give bond “ with a good and solvent surety,” in the sum of $150.
Shortly after Lanata filed a petition, stating that he was unable to-give bond with a surety residing in the parish; and that he desired to deposit the amount in the hands of the clerk of the court. The order was accordingly granted, authorizing the deposit to stand in lieu of the bond with surety previously ordered by the court to be given by appellant.
Appellee, admitting the deposit of the $150 with the clerk, in compliance with this order of the court moved to dismiss the appeal for want of a bond.
The Code of Practice requires the appellant to give bond with a good and solvent surety; and it makes no provision for the case in which the appellant may be unable to give such bond. But article 3034 of the Civil Code, 3065 of the R. C. C., provides, specially for all cases in which a person bound by law or by a judgment to give a surety is unable to give such surety. The first clause of the article permits him to give a pledge or other sufficient security ; and the last clause authorizes him “ to deposit in the hands of the public officer, whose duty it is to receive the surety, the sum for which he is required to furnish a surety.”
Where there is conflict between the Civil Code and the Code of Practice, the latter must prevail: and this rule was applicable to the original Civil Code and Code of Practice, as it is now to the Revised Civil Code and the .Revised Code of Practice. But is there any conflict between the Civil Code and the Code of Practice in this respect? The Code of Practice is the law by which appellant is bound to give a surety; and it contains no provision, for it does not contemplate the case in which the appellant, or other person bound-by law or by a judgment to give a surety, finds himself unable to meet this requirement. That which is .a casus omissus in the Code of Practice is supplied by the Civil Code.
When we find two enactments, two laws, differing, we are not at liberty to disregard either, unless they not only differ but are also in conflict. The Code of Practice, which contemplates and provides for the cases only in which the appellant is not unable to give bond with a surety, does not conflict with the Civil Code, which contemplates and provides, specially, for every case in which a person bound by law or by a judgment to give a surety, finds himself unable to comply with this obligation.
The Code of Practice, originally, required of the appellant bond with a surety; and the Civil Code, originally, under the head of “Legal and Judicial Sureties,” provided for the inability of any person to give a surety required by law or by a judgment. The Legislature, by the adoption of the Revised Code of Practice and the Revised Civil Code, *231 has expressed its will that the law, as laid down in the Code of Practice, requiring the appellant to give bond, with a surety, shall continue in force; and that the law, as laid down in the Civil Code, by which those who are unable to give a surety shall be dispensed with doing so, shall also continue in force. The Code of Practice, therefore, must be restricted to the cases in which the appellant is not unable to give a surety, and the Civil Code must be held to apply to all those cases in which the person bound by law or by a judgment to give a surety is unable to give such surety.
The Code of Practice, as amended, requires appeal bonds to be made payable to the clerk of the court. He is, therefore, the public officer whose duty it is to receive the surety. He receives the sum deposited by the appellant in his official capacity ; and he and his sureties are responsible for the safe keeping of and for the faithful accounting for the' sum so deposited, in the same manner as they are answerable for the performance by him of any other official duty.
The motion to dismiss is denied.